IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCIS A. GRANDINETTI, II | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv107 |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Francis A. Grandinetti, II, an inmate confined at the CCA Tallahatchie County Correctional Facility in Tutwiler, Mississippi, proceeding *pro se,* brings this lawsuit against the Corrections Corporation of America, the Correctional Services Corporation, Trans Cor America Extradition Agents, and County Contractors throughout the United States.

Discussion

Plaintiff complains that he was illegally detained and interrogated by CCA and Trans Cor, then transferred around the United States "in circles." Plaintiff seeks release from custody and injunctive relief.

Plaintiff did not submit the $350.00 filing fee along with his complaint in this action. Therefore, the court assumes plaintiff intends to proceed *in forma pauperis*.

Analysis

*Section 1915(g)*

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, plaintiff has on at least three prior occasions, while incarcerated, brought actions or appeals that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.[1] As a result, plaintiff is barred from bringing this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

As set forth above, plaintiff has had at least three prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim. The factual allegations set forth in the complaint do not demonstrate that he is in "imminent danger of serious physical injury." Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.[2]

---

[1] *See Grandinetti v. Bobby Ross Group, Inc.,* Civil Action No. 1:96cv117 (E.D. Tex. Mar. 5, 1999) (dismissed as frivolous); *Grandinetti v. Iranon*, Civil Action No. 1:95cv101 (E.D. Tex. Jan 26, 1998) (dismissed as frivolous); *Grandinetti v. Iranon*, Civil Action No. 1:96cv118 (E.D. Tex. July 20, 1998) (dismissed as frivolous); *see also Grandinetti v. Ariyoshi*, Civil Action No. 06-00146 (D. Haw. 2006) (cases cited therein).

[2] To the extent plaintiff's complaint may be liberally construed as requesting release from confinement, a civil rights action is not appropriate. The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973). However, because plaintiff is currently confined in Mississippi, this court lacks jurisdiction to consider a claim for habeas relief. To entertain a 2241 habeas petition,

<u>Conclusion</u>

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **15** day of **October, 2007.**

_____
Thad Heartfield
United States District Judge

---

the district court must have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).  Thus, plaintiff's habeas claims must be brought in Mississippi.